GANSS v. J. M. GUFFEY PETROLEUM CO.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. SALES—"OPTION" CONTRACTS—EFFECT.

An option is a continuing offer or contract by which the owner stipulates with another that the latter shall have the right to buy the property at a fixed price within a certain time, and, unless the option is founded on a consideration, it may be withdrawn at any time before acceptance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 49–51.

For other definitions, see Words and Phrases, vol. 6, pp. 5000, 5002; vol. 8, p. 7739.]

**2. SAME—CONSIDERATION.**

Where one makes a proposition to sell provided the other performs a certain act, the performance of that act in pursuance of such suggestion furnishes a sufficient consideration to compel the proposer to perform on his part.

**3. SAME.**

The owner of a vessel gave to a proposed purchaser, at its solicitation and without any consideration, an option to purchase the vessel for a specified sum within a specified time. The option contemplated an examination of the vessel before acceptance, but the option was not on the condition that the owner would sell absolutely on the vessel being found as represented, nor was it on the stipulation that, if the proposed purchaser should make an examination, it should have the right to purchase. An extension of time was given to permit an examination of the vessel by the proposed purchaser. After the proposed purchaser had incurred the expense of employing an expert to make an examination and before acceptance, the owner withdrew the option. *Held*, that the owner had the right to withdraw the option before acceptance, since the examination by the proposed purchaser did not inure to the owner's benefit, and did not constitute any consideration for the option.

Clarke and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Herman Ganss against the J. M. Guffey Petroleum Company. From a judgment for plaintiff entered on the verdict of a jury and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joline, Larkin & Rathbone, for appellant.
House, Grossman & Vorhaus, for respondent.

HOUGHTON, J. The defendant, having placed its steamship in the market for sale, gave to plaintiff's assignor, a corporation, at its solicitation, without any consideration being paid, an option to purchase it for $85,000 within a specified time. The option contemplated an examination of the vessel by the proposed purchaser before acceptance. After the holder of the option had incurred the expense of employing an expert to make such examination and before acceptance the defendant withdrew the option. Disregarding the withdrawal, and disputing the right to do so, the holder accepted within the time specified, and offered to complete the purchase. Subsequently, however, the parties agreed upon a higher price, reserving to the holder of the option the right to recover back the excess price in case the option was irrevocable. This right was assigned to the plaintiff, and he has recovered judgment for the difference between the price stated in the option and that subsequently paid for the vessel, and the defendant appeals.

An option is not an agreement of sale of property, but is simply a continuing offer or contract by which the owner stipulates with another that he shall have a right to buy the property at a fixed price within a certain time, and, unless it be founded upon a consideration, it may be revoked or withdrawn at any time before acceptance. Quick v. Wheeler, 78 N. Y. 300; White v. Corlies, 46 N. Y. 467; Pomeroy v. Newell,

117 App. Div. 800, 102 N. Y. Supp. 1098. The plaintiff does not dispute this proposition, nor claim that there was any consideration paid for the option at the time it was given; but he insists that the expenditure of money by the holder of the option for the making of a proper examination of the vessel furnished a consideration which prevented the defendant from withdrawing its option. He relies upon the principle enunciated in Marie v. Garrison, 83 N. Y. 14, and kindred cases, to the effect that, where one makes a proposition to do something provided the other performs a certain act, the performance of that act in pursuance of such suggestion furnishes a sufficient consideration to compel the proposer to perform on his part. The difficulty with plaintiff's position is that it does not come within the principle of law which he invokes. The defendant did not induce the plaintiff's assignor in any legal sense to incur expense in examining the vessel. It was expected, it is true, that the plaintiff's assignor, through some of its officers or employés, or by some expert, should make an examination of the vessel, and it had asked a longer time than was given by the original option in which to make it. An extension of time was given for the purpose of permitting that examination while she was in dry dock, and her condition of repair thus be more fully ascertained. Such examination, however, did not inure to defendant's benefit in any way, and was solely for the purpose of enabling the holder of the option to determine whether it would accept the offer and purchase the vessel at the stipulated price.

The option was not upon the condition that the defendant would sell absolutely if the vessel was found to be of the capacity and in the state of repair represented, nor was it upon the stipulation that, if the holder of the option should make an examination, it should have the right to purchase at all hazards. An acceptance was contemplated, not only by the parties, but by the written option itself. The situation is no different, except in the amount of money, than where the holder of an option expends money for car fare or postage or telegrams to enable him to make up his mind whether he will accept or not. Any other construction would destroy the legal character of an option which is well recognized in the law, and would make it a binding contract of sale without acceptance, simply upon the holder doing some act or expending some money, however little, in the course of his investigation to determine whether or not he held a desirable offer. The right of the giver of an option for which no consideration is paid to withdraw it before acceptance could in this manner always be defeated at the election of the holder. It is possible the plaintiff's assignor was not fairly treated in the transaction, but in our view there is no legal redress against the defendant.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM and SCOTT, JJ., concur.

CLARKE, J. (dissenting). The option contemplated an inspection of the vessel before acceptance. The defendant wrote:

"I beg to confirm the condition which I stated to you by telephone that, if they do not have a representative in New York to examine her at the time

she is on the way, which we expect will be about September 30th or October 1st, we shall consider that the option is surrendered."

In accordance with the understanding as to inspection the plaintiff's assignor employed a ship surveyor, who made such inspection, and an expense therefor was incurred and paid of $150. This inspection was made and the liability therefor incurred prior to the attempted withdrawal of the option. This was a detriment to the promise, and hence sufficient consideration to support the option and make it irrevocable. Acceptance was tendered during the life of the option, and the respective rights of the parties therefore became fixed.

The judgment and order appealed from should be affirmed, with costs.

LAUGHLIN, J., concurs.