CONSTANTINE JOANNIDES and Another, Doing Business under the Trade Name of U. S. STANDARD TRADING COMPANY, Appellants, v. THEODORE N. ASSIMACY, Doing Business under the Trade Name of AMERICAN PRODUCTS SALES COMPANY, Respondent.

First Department, March 19, 1926.

**Sales — option to purchase expired on legal holiday — purchaser had right, under General Construction Law, § 25, to accept on next day.**

An option to purchase goods which expires on a legal holiday may, under section 25 of the General Construction Law, be accepted by the purchaser on the day following.

MARTIN and FINCH, JJ., dissent, with memorandum.

APPEAL by the plaintiffs, Constantine Joannides and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of January, 1925, upon the dismissal of the complaint at the close of plaintiffs' case.

*Richard B. Hand,* for the appellants.

*McDonnell & Lebett [George J. McDonnell* of counsel], for the respondent.

McAVOY, J. The proposed contract or option to purchase alcohol was unperformed by, defendant. Plaintiffs assert damage. The validity of the option is undisputed. The option expired on a legal holiday. The General Construction Law (§ 25), which extends the time of performance of a condition of a contract until the next business day following a public holiday, is in spirit at least in conformity with the action of plaintiffs in tendering performance of the option on the day following the holiday on which their option would have otherwise expired. While an option is not a strict contract until it is made a mutual obligation by acceptance, yet it is so *obviously contractual in its inherent nature as to come within the general term* and is governed by section 25 of the General Construction Law.

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING and MERRELL, JJ., concur; FINCH and MARTIN, JJ., dissent.

MARTIN, J. (dissenting). The option here was not a contract; it was an offer which required acceptance. Therefore, section 25 of the General Construction Law has no application. (*Ganss* v. *Guffey Petroleum Co.,* 125 App. Div. 760; *Dauber* v. *Reznik,* 200 id. 650.) In any event, the option or offer was not accepted in the terms thereof.

I, therefore, dissent and vote for affirmance.

FINCH, J., concurs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.