JESSAR REALTY CORPORATION, Respondent, *v.* THE LOUIS FRIEDMAN REALTY CO., INC., Appellant.

(Submitted February 14, 1930; decided March 18, 1930.)

*Isidor Mates* for appellant.

*Herman Scheckner* for respondent. Since April 15, 1928, was a Sunday, the plaintiff's time to cancel the

contract was extended to the following day. (Gen. Const. Law, §§ 20, 25; *Gilbert* v. *Johnson*, 169 App. Div. 840; *Gribbon* v. *Frell*, 93 N. Y. 93; *Binder* v. *Metropolitan St. Ry. Co.*, 68 App. Div. 281; *Sun Printing & Pub. Co.* v. *Remington*, 235 N. Y. 338; *Joannides* v. *Assimacy*, 216 App. Div. 133.)

*Per Curiam.* The plaintiff's right to cancel the contract was subject to the condition that the plaintiff must exercise that right by notice to the seller's attorney sent by registered mail on or before April fifteenth. Because April fifteenth fell on a Sunday, the plaintiff postponed sending the notice by registered mail till April sixteenth. We do not pass upon the question whether section 25 of the General Construction Law (Cons. Laws, ch. 22) has any application to a contract which does not require the performance of a condition on a public holiday, but merely provides that an option must be exercised on or before a date which happens to fall on a Sunday. (See *Joannides* v. *Assimacy*, 216 App. Div. 133; *Page* v. *Shainwald*, 169 N. Y. 246.) Here the contract provided in addition, " Should, however, the seller's attorney not receive the registered notice herein referred to on or before April 16th, 1928, then and in such event the right of the purchasers to cancel the contract shall be deemed to have expired." The terms of section 25 of the General Construction Law can have no application to that provision. The notice was received on April seventeenth. Then the right had by its terms expired.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.