CHATHAM PLAN, INCORPORATED, Respondent, *v.* CLINTON TRUST COMPANY, Appellant.

First Department, March 13, 1936.

*Allan R. Campbell* of counsel [*Robert Garlock* with him on the brief; *Rabenold & Scribner*, attorneys], for the appellant.

*Samuel M. Ostroff* of counsel [*Charles L. Raskin* with him on the brief], for the respondent.

UNTERMYER, J.   The plaintiff was incorporated to promote the " Chatham Plan," whereby a customer would make monthly deposits to be used partly to purchase insurance for him and partly for investment for his account.   The defendant trust company has been held liable for breach of a contract whereby, as alleged in the complaint, it agreed " to act as trustee in conjunction with the

operation of said Chatham Plan and to receive and hold all moneys paid over under and pursuant to the said Chatham Plan."

In my opinion the proof established quite conclusively that the defendant did not contract to act as trustee but that the plaintiff's application to use the defendant's facilities in operating the plan was merely given consideration and eventually declined. This in any event would require reversal of the judgment and the granting of a new trial. We are, however, of opinion that there are other grounds which require the dismissal of the complaint.

Even if the contract alleged in the complaint had been made, it was terminable at will by either party, as the trial court correctly charged. (*Watson* v. *Gugino*, 204 N. Y. 535; *Martin* v. *New York Life Ins. Co.*, 148 id. 117.) Concededly, also, the alleged contract did not contemplate payment by the defendant of expenses incurred by the plaintiff for rent, advertising, attorney's compensation or the other disbursements for which the plaintiff has recovered judgment. No covenant to pay these expenses can be implied against the party terminating such a contract without imposing a limitation which would render meaningless and nugatory the unconditional right reserved by law to each to terminate at will. (Compare *McCreery* v. *Day*, 119 N. Y. 1; *Coletti* v. *Knox Hat Co., Inc.*, 252 id. 468.) Such losses are only recoverable as damages and there can be no damages where there has been no breach. There is no breach where a party refuses to perform a contract which he is at liberty to terminate.

Where the right to terminate is exercised, any party who has rendered services or furnished materials under the contract may, of course, recover for these pursuant to its terms. But there can be no recovery for expenses which were not required to be paid for by the contract where termination results from a rescission of the contract by agreement of the parties, by expiration of time, or where, as here, the contract is abrogated in accordance with its terms. Such expenses must be presumed to have been incurred with knowledge that either party might at any time retire from the contract without further liability. If the rule were otherwise neither party could terminate the contract, even after many years, without payment of all expenses which the other had incurred. It follows that the exercise by the defendant of its right to terminate did not subject it to liability for expenses for which it had not contracted to pay, though doubtless incurred by the plaintiff in the expectation that performance of the contract would continue for a substantial period of time. (*Ganss* v. *Guffey Petroleum Co.*, 125 App. Div. 760; *Garlock* v. *Motz Tire & Rubber Co.*, 192 Mich. 665; 159 N. W. 344.)

It is also attempted to sustain the judgment upon the theory adopted by the trial court. The theory is that the defendant did not terminate but that it repudiated the contract and that the ordinary principles which apply to contracts terminable at will are not applicable here. The claim is that if the defendant had refused to proceed with the contract by electing to terminate, it would not be liable, but that different consequences follow because the defendant refused to recognize its existence.

The realist must at once feel, even if he does not see, that there is something wrong in such a paradox, especially when it is considered that the consequences to the plaintiff of a refusal to recognize the contract were exactly the same as an election to terminate. The reasons for the defendant's refusal to perform are not important. What is important is that the defendant gave notice to the plaintiff that it would not undertake to act as trustee and that concededly it had that right. It is the settled rule that damages for the refusal to perform a contract which is terminable on specified conditions are limited to the amount which the defendant would have been required to pay upon an election to terminate. (*Watson* v. *Russell*, 149 N. Y. 388; *Warth* v. *Liebovitz*, 179 id. 200; *Robertson* v. *Frohman, Inc.*, 198 App. Div. 782; *French* v. *Brookes*, 6 Bing. 354; *Derry* v. *Board of Education*, 102 Mich. 631; 61 N. W. 61.) Since the contract here was terminable by either party without compensation to the other, the damage sustained by the plaintiff on account of the defendant's refusal to perform the contract amounted to nothing at all.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.