BERNARD P. BOGY, JR., Respondent, *v.* JAN BERLAGE, Doing Business under the Firm Name and Style of J. BERLAGE COMPANY, Appellant.

First Department, December 21, 1942.

*James H. Halpin* of counsel (*Joseph K. Gilligan* with him on the brief; *Spence, Windels, Walser, Hotchkiss & Angell,* attorneys), for appellant.

*James A. Donnelly* of counsel (*Donnelly* and *Donnelly,* attorneys), for respondent.

UNTERMYER, J. The action is for breach of a written contract of employment, dated September 12, 1941, supplemented by a letter dated September 13th, by which the plaintiff was employed to promote the business of the defendant in the United States and elsewhere for the term of one year, commencing on September 15th, unless sooner terminated in accordance with the following provision of the contract: "At any time during the term of this agreement, either party hereto may terminate this agreement upon thirty (30) days' written notice to the other party."

The defendant's letter of September 13, 1941, which supplements the contract reads as follows: "In connection with the Agreement signed today between me, Jan Berlage, as Employer, and you, as Employee, it is hereby understood and agreed upon that further compensation will be established by mutual agreement upon your return from South America.

"This further compensation will be based upon profits relating to South American business established by you through your activities over there and at this office.

"The method of determining these profits and the percentage thereof will be decided upon when you return from South America."

It is charged that on February 24, 1942, the defendant repudiated the contract and thus prevented further performance by the plaintiff. It is undisputed, however, that on February 26, 1942, the defendant delivered a written notice to the plaintiff which purported to terminate the employment as of March 28, 1942.

The complaint contains two causes of action: the first to recover the plaintiff's salary, amounting to $1,560 from February 15, 1942, to the end of the original term of the contract; the second to recover under the terms of the letter of September 13 "twenty percent of all profits derived by the defendant as

aforesaid, or such percentage as to the court may seem a reasonable compensation." A motion by the defendant for partial summary judgment directed to the first cause of action and a motion for judgment on the pleadings on the second cause of action were denied at Special Term. The court granted judgment in favor of the plaintiff for salary of $337.50, conceded to be due from February 15, to March 28, 1942, which amount has now been paid.

We think both motions should have been granted, the motion for judgment on the pleadings, however, with leave to the plaintiff to serve an amended complaint.

The rule is established by many decisions that a party who maintains an action for discharge under a contract of employment which contains a right of termination is limited to the salary to which he would have been entitled if notice of termination were duly given. (*Barth* v. *Addie Co.,* 271 N. Y. 31; *Watson* v. *Russell,* 149 N. Y. 388; *Chatham Plan, Inc.,* v. *Clinton Trust Co.,* 246 App. Div. 498.) It follows that on the first cause of action the plaintiff could not recover in excess of $337.50 on account of the discharge and that payment of this sum has satisfied that claim.

The second cause of action is upon the letter of September 13, 1941. It proceeds upon the theory that the plaintiff may recover a percentage of the profits derived from the plaintiff's activities in promoting the defendant's business in South America. That letter, however, is too indefinite for enforcement for by its terms the defendant undertakes to pay as further compensation such a percentage of the profits as may thereafter be agreed on by the parties. Such " agreements to agree " have uniformly been held to be too uncertain for enforcement. (*United Press* v. *N. Y. Press Co.,* 164 N. Y. 406; *Petze* v. *Morse Dry Dock & Repair Co.,* 125 App. Div. 267; affd., 195 N. Y. 584.) An action on the contract, therefore, will not lie.

It may be that the plaintiff is entitled to recover for the reasonable value of the services performed in excess of the salary stipulated in the contract of September 12th, but a recovery on that theory must proceed upon allegation and proof of the reasonable value of the services rather than for a percentage of the profits which the letter of September 13th renders impossible of calculation. (*Varney* v. *Ditmars,* 217 N. Y. 223.) It is, therefore, important to observe that this cause of action is not for the reasonable value of the plaintiff's services in excess of salary nor is the reasonable value of these services alleged. It is maintained on the theory that under the letter of September

13th the plaintiff may recover a reasonable percentage of the profits received by the defendant, which might fall below, or perhaps greatly exceed, the reasonable value of the services.

The orders appealed from should be reversed with twenty dollars costs and disbursements, the motion for partial summary judgment dismissing the first cause of action granted; and the motion for judgment on the pleadings dismissing the second cause of action granted with leave to the plaintiff to serve an amended complaint within ten days after service of order, on payment of said costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed with twenty dollars costs and disbursements and the motion for partial summary judgment dismissing the first cause of action granted; and the motion for judgment on the pleadings dismissing the second cause of action granted with leave to the plaintiff to serve an amended complaint within ten days after .service of order, on payment of said costs.