Isadore Bookstein, J.
Plaintiff moves for summary judgment for the money damages sought in the complaint. Defendant moves for summary judgment dismissing the complaint. C'oncededly, the facts are not in dispute. The resolution of the controversy presents solely a question of law.
Defendant was the holder of an F. H. A. mortgage for $5,000,000 on an Air Force Base in Texas. It entered into a *813 contract with plaintiff dated March 10, 1952 to service that mortgage which provided for payment to plaintiff of a percentage on such mortgage monthly. The servicing was to continue “ until the indebtedness is paid in full, unless this agreement is terminated as hereinafter set forth.”
Paragraph “ 3 ” of the contract provides as follows: “ This agreement shall forthwith terminate at the option of System and without cost to System if Company be adjudged bankrupt or if a receiver, conservator or trustee be appointed for Company, or if Company assigns assets for the benefit of creditors or becomes incapacitated in law or in fact for the faithful performance of its duties under this agreement, or if a breach of any requirement of this agreement on Company’s part shall exist for ten (10) days after notice to Company by registered mail of such breach.”
Paragraph “ 4 ” of the contract provides as follows: “In addition to the provisions set forth in paragraph ‘ 3 ’ hereof, System may at any time terminate this Servicing Agreement upon notice to Company of not less than thirty days by registered mail, and by making payments, equal to and in accordance with paragraph 1 2-C ’ hereinbefore set forth over a period of five years from the date on which the termination of this servicing contract becomes effective.”
In the quoted paragraphs “ Company ” refers to plaintiff and “ System ” refers to defendant.
There is another provision for termination which is not germane.
Section 1594a of title 42 of the United States Code as amended by an act of August 7,1956, authorized the Secretary of Defense to acquire title to such property as was covered by defendant’s mortgage, and sometime in 1958, he did so.
Subdivision e of section 1594a provided as follows: ‘ ‘ The Secretary or his designee may, in the case of any housing acquired or to be acquired under this section, make arrangements with the mortgagee whereby such mortgagee will agree to release and waive all requirements of accruals for reserves for replacement, taxes, and hazard insurance provided for under the corporate charter and indenture agreement with respect to such housing, upon the execution of a written agreement by the Secretary or his designee that the purposes for which such reserves and other funds were accrued will be carried out.”
The language of that section does not make it mandatory upon a mortgagee to execute such an agreement as is provided for therein; its execution by a mortgagee is entirely voluntary.
*814 Defendant entered into the agreement provided for in subdivision e of section 1594a with the United States, through the Secretary of the Air Force and with the Federal Housing Commissioner which is dated April 1, 1958, and executed by defendant July 24, 1958; by the United States August 1, 1958 and by the Federal Housing Commission August 14, 1958.
The agreement rendered it unnecessary and, indeed, impossible, for plaintiff any longer to perform the duties which it was obligated to perform under its service contract with defendant.
On May 9, 1958, defendant wrote to plaintiff a letter, which, in part, is as follows:
“ The May payment covering interest, principal and mortgage insurance came to us direct from the Air Force in Washington and we have been notified that all subsequent payments will be made in the same manner.
“ Under the circumstances and with conditions at present existing, it appears that there is no further need of mortgage servicing. We are relieved of all property inspection, tax payments and insurance coverage, the essentials which a service is normally expected to handle.
“ The matter of probable termination of the servicing agreement has so far not been referred to our Finance Committee for action.”
On May 14, 1958, defendant sent to plaintiff the following letter:
‘1 Enclosed is our check in the amount of $253.91 which represents 1/12 of 1/15 of 1% fee for the month of April. In view of the circumstances which now prevail we are of the opinion that no further servicing is necessary as we stated in our letter of May 5, 1958.
“ I wish to add that there has been no dissatisfaction with your company. We believe that a very satisfactory service has been rendered.”
On or about June 27, 1958, defendant sent a letter notifying plaintiff that it would make no further payments to plaintiff of fees payable under their agreement.
No payments have been made subsequent to the monthly fee which became due on July 1, 1958.
In this action plaintiff seeks to recover the fees which it would have been entitled to receive for a period of five years, under paragraph 4 of the agreement.
Defendant claims that it has terminated the contract under paragraph “ 3 ” of the contract.
*815 In brief, defendant’s contention is that the contract has been terminated as of right, without liability, under that portion of paragraph “ 3 ” of the contract which provides for termination if plaintiff ki becomes incapacitated in law or in fact for the faithful performance of its duties under the agreement
It bases that contention on the agreement which it made with the United States and the Federal Housing Commissioner under paragraph e of section 1594a of title 42 of the United States Code.
With this contention the court cannot agree. It is true that such agreement rendered performance by plaintiff unnecessary and doubtless impossible. But such situation is in no sense due to incapacity in law or in fact on the part of plaintiff.
The rule of ejusdem generis limits the general words in question to things of the same kind, character or nature as those enumerated before them. (Traylor v. Crucible Steel Co., 192 App. Div. 445, 449; Friedman v. New York Cent. R. R. Co., 206 App. Div. 169, 171; Matter of Hurlbut, 180 Misc. 681, 687; Circle Cab Corp. v. Rizzuto, 162 Misc. 547, 550; People v. Lamphere, 219 App, Div. 422; Matter of Conolly, 266 App. Div, 333, 335.)
That defendant terminated the contract with plaintiff is conceded. The contention that in the circumstances of this case, it was a termination as a matter of right, without liability, under paragraph “ 3 ” of the contract is not well founded and cannot be sustained.
Accordingly, defendant’s motion for summary judgment dismissing the complaint is denied.
Plaintiff is entitled to summary judgment in its favor and its motion is granted,
The amount for which judgment may be granted to plaintiff in this action poses another problem. Plaintiff seeks judgment in this action for the entire amount to which it would be entitled for a five-year period. “ It is the settled rule that damages for the refusal to perform a contract which is terminable on specified conditions are limited to the amount which the defendant would have been required to pay upon an election to terminate.” (Chatham Plan v. Clinton Trust Co., 246 App. Div. 498, 500.)
Here, defendant has refused to perform and terminated the contract. The contract in question permits defendant to terminate the contract on ct specified conditions ”, to wit, payment of prescribed percentages on a monthly basis over a five-year period from the date termination of the servicing contract becomes effective.
*816 The effect of the determination arrived at, therefore, is that plaintiff is entitled to the percentage fixed in paragraph 2-c over a five-year period in monthly installments.
In this action at law, the court is limited to awarding the amount due from the date of termination of the contract to the date of commencement of this action. Installments subsequently accruing would have to be the subject of future action or actions.