Jose Ramos-Lopez, J.
It appears that in October, 1966 the plaintiff and others found certain property having a face value of $2,926. They were subsequently brought into Criminal Court pursuant to .section 435-4.1 of the Administrative Code of the City of New York for alleged misappropriation of found property. Those charges having been dismissed after hearing, the plaintiff now stands blameless before this court.
The found property is in the custody of the defendant Property Clerk of the Police Department. It consists specifically of a group of savings stamps approximately 2 by 1% inches each in size, bearing the legend “ U. S. ”, a portrait of a minute man and the numbering $5.00. These stamps were formerly sold by the United States Treasury under authority of section 767 of title 31 of the United States Code, to encourage purchase of war bonds, and they constitute public debt obligations of the United States (U. S. Code, tit. 39, § 5223). They have been pasted into a folder imprinted with suggestions as to purchasing war bonds. Neither the folder in evidence nor the stamps bear any name or indicia of ownership.
Plaintiff now claims his one-fourth proportionate share. The defendant resists on the ground of subdivision 2 of section 255 of the Personal Property Law which provides:
*475 “2. No instrument deposited with the police shall be destroyed or sold. Except as provided in subdivision three of section two hundred fifty-six, no such instrument shall be returned to the finder, or his employer, or the person who deposited it with the police, or the person upon whose premises it was found.’.’ (Italics supplied.)
The subdivision 3 of section 256 referred to in the quoted paragraph establishes procedure as to property and ‘ ‘ instruments ” found in the enclosed safe-deposit department of a bank or of a safe-deposit company. On the facts here present that section has no bearing. Our determination must be governed by the correct legal classification of this property under section 251 of the Personal Property Law.
Section 251 thereof provides:
“1. The term ‘property’ as used in this article means money, goods, chattels and tangible personal property other than (a) ‘ instruments ’ as defined in subdivision two of this section, (b) animals, (c) wrecks governed by the provisions of the navigation law and (d) logs and other property governed by section three hundred twenty-three of the town law.
‘ ‘ 2. The term ‘ instrument ’ as used in this article means a check, draft, promissory note, bond, bill of lading, warehouse receipt, stock certificate or other paper or document, other than money, evidencing, representing or embodying a chose in action or a right with respect to property or a share, participation or other interest in property or in an enterprise.”
Where words of specific or inevitable purport are followed by words of general import as in section 251 cited above the application of the last phrase is generally confined to the subject matter disclosed in the phrases with which it is connected. Where a statute enumerates several classes of persons or things the word “ other ” will generally be read as “ other such like ” so that persons or things therein comprised may be read as ejusdem generis with and not of a quality superior to or different from those specifically enumerated (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 239).
The stamps assuredly do not meet the definition of money as a medium of exchange established by law and made legal tender in the payment of debts (cf. U. S. Code, tit. 18, § 2311; Black’s Law Dictionary [4th ed.]; Cyclopedic Law Dictionary [3d ed.]). On the other hand the “ instruments ” referred to in subdivision 1 of section 251 (supra) as per the listing in subdivision 2 of section 251 are apparently commercial paper. The rationale for differentiated treatment would seem to be that such paper contains a name or identification by means of *476 which ownership may be easily traced or established. Conceivably the term could include treasury bonds or governmental obligations bearing indicia of ownership.
However these stamps bear no such matter; and by the rule of ejusdem generis are clearly not “ instruments ”. Not being either money or commercial paper they are excluded from subdivision 2 of section 251 of the Personal Property Law, and fall squarely within subdivision 1 of section 251 as goods, chattels, or tangible personal property (cf. Ewing Co. v. New York State Teachers Retirement System, 23 Misc 2d 812; Matter of Bowen v. Allen, 17 A D 2d 12; People v. Cooney, 194 Misc. 668). Therefore the special restriction against the release of ‘ ‘ instruments ’ ’ as set forth in subdivision 2 of section 255 of the Personal Property Law does not apply.
Accordingly upon presentation of a certified copy of this decision and judgment, the defendant as Property Clerk of the Police Department of the City of New York is directed to deliver to the plaintiff Walter Velez in kind a one-fourth share of the savings stamps in question in the face value of $731.25 being one fourth of the total involved.
All motions upon which decision has been reserved are denied.