Memorandum.
Immediately prior to the death of plaintiff’s
husband in 1959, he and defendant Eoseman had agreed that the surviving partner in their accounting firm would employ the widow of the deceased partner for $100 per week until an aggregate sum of $52,000, or in the case of remarriage $40,000, was paid. The agreement was modified by the plaintiff and the defendant Eoseman in 1962. The disposition of this appeal is dependent upon the effect of this modification. The modification provided in pertinent part:
“ Instead of the payments in said agreement [the 1959 agreement] being at the rate of $100.00 weekly, the said payments will be at the rate of $70.00 weekly, payable Semi-Monthly, and further it is stipulated that such modification of amount to be paid weekly shall commence as of September 17, 1962 and con *146 tinue to March 17, 1964 at which time the rate of future weekly payments shall be discussed for the purpose of revision upwards only.
‘ ‘ Except as herein expressly modified, all other terms, covenants and conditions of the said agreement dated July 9, 1959, shall remain in full force and effect.”
That portion of the modification agreement which states that the parties will discuss the future weekly salary for the purpose of revision upward is an agreement to agree and is unenforcible because it is indefinite and uncertain (Bogy v. Berlage, 265 App. Div. 249, 251). That portion of the agreement which is void for indefiniteness may be excised without affecting the validity of the remainder (cf. 1 Williston, Contracts [3d ed.], § 48). What is left, then, is a clause specifying that the change in the weekly rate “ shall commence as of September 17, 1962 and continue to March 17, 1964 ’ ’. The change in the amount is referred to as a “ modification,” and, more importantly, a date is given when the modification ends. While the issue is a close one, the more reasonable construction of this inartfully drafted instrument is that it effects a "temporary modification of the original salary rate, rather than a rescission. Moreover, this conclusion is bolstered by the paragraph of the modification agreement which provides that, except as expressly modified, all terms and conditions of the 1959 agreement shall remain in full force and effect.
Consequently, the salary reverted to $100 on March 17, 1964 and plaintiff would be entitled to 94 weeks of arrearages at that rate rather than at the rate of $70 a week which was awarded by the Supreme Court.
In our view the plaintiff should have a judgment for the sum of $9,400, plus interest, instead of the $6,500 awarded.
The order appealed from should be modified in accordance with the memorandum herein and, as so modified, affirmed, without costs.
Judges Burke, Scileppi,- Breitel and Jasen concur in Memorandum ; Chief Judge Fulo and Judges Bergan and Keating dissent and vote to affirm on the opinion at Trial Term.
Ordered accordingly.