■ SAM FLANEL, Appellant, v DARRELL FLANEL, Respondent. —In an action, *inter alia,* to enforce an alleged loan agree- ment, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 7, 1988, as granted the defendant's motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover from the defen- dant, his son, the amounts expended by him for the defen- dant's college education. It is the plaintiff's position that the defendant had agreed to repay him. This alleged agreement was not in writing, and the plaintiff relied primarily on letters

in which the defendant had acknowledged an obligation to repay him. However, it is apparent from the plaintiff's deposition testimony that, if such an oral promise was made, it was no more than an agreement to agree since the terms of repayment were to be "worked out in the future depending upon circumstances". Where an essential element of a contract is left for future negotiations, there is no enforceable contract (see, Martin Delicatessen v Schumacher, 52 NY2d 105; Willmott v Giarraputo, 5 NY2d 250; see also, Azoulay v Cassin, 128 AD2d 660; Cosomolite Mfg. Co. v Theodus, 122 AD2d 246). The court properly granted the defendant partial summary judgment dismissing so much of the complaint as was based on the alleged loan agreement. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.