■ TONI SILVERMAN, Respondent, v LANCE SILVERMAN, Appellant. [671 NYS2d 145] —In a matrimonial action in which the

parties were divorced by a judgment dated January 19, 1988, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 1, 1997, as determined that he was obligated to pay the plaintiff maintenance pursuant to the parties' separation agreement for the period specified in the separation agreement.

Ordered that the order is modified by deleting the provision thereof which directed that the defendant was required to make maintenance payments to the plaintiff pursuant to the separation agreement for the period specified in the separation agreement despite the plaintiff's remarriage, and substituting therefor a provision that the defendant is required to make maintenance payments to the plaintiff pursuant to the separation agreement up to November 1992, one year after the plaintiff's remarriage; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of maintenance arrears owed by the defendant.

The parties' separation agreement provided, in relevant part, that the defendant's maintenance obligation would continue for a period of 10 years commencing November 1, 1986, that the parties agreed to renegotiate the maintenance provisions one year after the plaintiff's remarriage, and that it was the intention of the parties that the defendant's obligation to pay maintenance shall not be suspended or reduced during the year after the plaintiff's remarriage. The plaintiff remarried in October 1991, and in November 1992, the defendant informed the plaintiff that his maintenance obligation had been terminated. In 1996 the plaintiff sought maintenance arrears for the period from July 1991 to October 1996. The Supreme Court held that the defendant was responsible for maintenance payments through November 1996. We disagree.

The provision in the separation agreement providing that the parties agree to renegotiate the maintenance provisions one year after the plaintiff's remarriage is unenforceable. It is well settled that an agreement to agree is unenforceable because it is indefinite and uncertain (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Reiburn v Roseman,* 22 NY2d 143, 146; *Flanel v Flanel,* 152 AD2d 536, 537). Therefore, that provision calling for a renegotiation of the maintenance obligation must be excised from the separation agreement. Pursuant to the remaining terms of the parties' separation agreement, the defendant's maintenance obligations continued only for one year after the plaintiff's remarriage. Accordingly, this matter is

remitted to the Supreme Court, Suffolk County, to calculate the amount of the defendant's maintenance arrears in accordance herewith. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.