■ ANNE WALL, Respondent, et al., Plaintiff, v NEIL H. DePASQUALE, Appellant. [701 NYS2d 60] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals from so much of (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 26, 1998, as, upon a motion by the plaintiffs for partial summary judgment on the issue of liability on their first cause of action, granted that branch of the motion which was for partial summary judgment on the first cause of action insofar as asserted against Anne Wall, and (2) an order of the same court, entered February 2, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered June 26, 1998, is dismissed, as that order was superseded by the order entered February 2, 1999, made upon reargument; and it is further,

Ordered that the order entered February 2, 1999, is reversed insofar as appealed from, on the law, so much of the order entered June 26, 1998, as granted partial summary judgment to the plaintiff Anne Wall is vacated, the motion for partial summary judgment is denied in its entirety, and, upon searching the record, summary judgment dismissing the first cause of action is granted in favor of the defendant and the first cause of action is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Following their divorce pursuant to a written separation agreement, the plaintiff Anne Wall and her former husband, the defendant, entered into an agreement to modify the separation agreement, which, *inter alia*, reduced the defendant's contractual child support obligation based upon his representations that he was experiencing financial difficulties. The modification agreement provided in relevant part that "the [defendant] hereby agrees that in the event his financial circumstances should substantially improve hereafter, he shall consult with [Anne Wall] toward reaching an agreement on a then upward modification of his obligation for child support commensurate with the parties' then respective financial circumstances". Although the defendant received a substantial inheritance several years later, he never consulted with Anne Wall regarding his child support obligation. The plaintiffs subsequently commenced this action, *inter alia*, to recover damages for breach of the foregoing contract provision, and the Supreme Court ultimately awarded partial summary judgment in favor of Anne Wall on the issue of liability on the first cause of action, sounding in breach of contract. The court adhered to this determination upon reargument. We now reverse and, upon searching the record, grant summary judgment in favor of the defendant dismissing the first cause of action.

The provision in the subject modification agreement stating that the defendant would "consult" with Anne Wall "toward reaching an agreement" regarding an upward modification of his support obligation in the event of his improved financial circumstances is unenforceable. Indeed, the provision is fatally indefinite and uncertain, and merely constitutes an unenforceable agreement to agree (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105; *Reiburn v Roseman,* 22 NY2d 143; *Silverman v Silverman,* 249 AD2d 378). Accordingly, the Supreme

Court erred in awarding partial summary judgment in favor of Anne Wall on the first cause of action and, upon searching the record (see, CPLR 3212 [b]), we grant summary judgment in favor of the defendant dismissing that cause of action. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.