■ In the Matter of JANET M. BURNETT, Appellant, v BERNARD STUDENT, Respondent. (And Another Related Proceeding.) [717 NYS2d 708] —Rose, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 19, 1999, which dismissed petitioner's applications, in two proceedings pursuant to Family Court Act article 4, to find respondent in violation of a prior support order and to modify said order.

Petitioner and respondent, who were never married, are the parents of a son born in 1992. In January 1993, the parties entered into a stipulation declaring petitioner to be the custodial parent, providing for visitation by respondent and resolving petitioner's pending application for court-ordered child support. This stipulation was incorporated in an order of Onondaga County Family Court dated March 26, 1993. This order, *inter alia*, directed respondent to pay child support totaling 13% of his annual gross income in 1993, 15% of his income in 1994 and 17% of his income up to $80,000 thereafter until the child reaches 21 years of age. As to respondent's income in excess of $80,000, the order provided: "When the respondent's income exceeds eighty thousand dollars ($80,000.00) per year, if any, the parties will determine what percentage of his income, in excess of eighty thousand dollars ($80,000.00), if any, will be applied to his child support obligation." The order

further provided that respondent must annually supply petitioner with proof of the amount of his income unless it exceeds $80,000. If it exceeds $80,000 annually, he was required to pay child support totaling 17% of $80,000 and relieved of any obligation to supply petitioner with proof of the amount of his income.

In 1998, petitioner filed the instant petitions seeking an upward modification of the 1993 support order and a finding that respondent was in violation of that order. In her affidavit in opposition to respondent's motion to dismiss her petitions, petitioner alleged that in 1993 respondent's annual income was approximately $60,000 while her income was approximately $30,000, that respondent currently is earning more than $320,000 per year and that respondent refuses to negotiate any amount of child support on the increase. She also alleged that he steadfastly refused to discuss the issue and stated to her that "the amount is set by the order, you're not getting another cent, [and] the only thing you have to know about my income is that it is over eighty."

The Hearing Examiner issued a report dismissing both petitions. Upon petitioner's objection to the Hearing Examiner's order, Family Court ruled that the petitions were properly dismissed because the existing order did not require respondent to pay child support on income in excess of $80,000 and because petitioner did not allege a sufficient change in circumstances or that the child's needs are not being met. Petitioner now appeals.

Based on our review of the pleadings and affidavits submitted to Family Court, we find that dismissal of petitioner's application seeking a finding that respondent violated the 1993 order was proper, but that the summary rejection of her separate application for a modification requires reversal. Although the provision of the 1993 order quoted above anticipated that respondent's income would exceed $80,000 in the future, it reflected only an unenforceable agreement to agree (*see, Wall v dePasquale*, 266 AD2d 388, 389, *lv dismissed* 94 NY2d 899; *Silverman v Silverman*, 249 AD2d 378, 379, *lv dismissed* 92 NY2d 1046; *see also, Moss v Moss*, 187 AD2d 775, 777, *lv denied* 81 NY2d 709). Since no recourse was afforded to petitioner in the event that respondent did not agree to pay additional child support, respondent could not be found in violation of this provision and there was no enforceable provision addressing respondent's obligation for child support based on his excess income. In the absence of such an enforceable provision in the 1993 order, petitioner did not have the burden of a party seeking modification.

In any event, petitioner alleged a dramatic improvement in respondent's income (*see, Matter of Chariff v Carl*, 191 AD2d 795, 796). She specified in her affidavit in opposition to dismissal, upon information and belief, that respondent's income at that time exceeded $320,000, more than a five-fold increase, and had been approximately $250,000 in the previous tax year. Even where the level of support has been negotiated by the parties, a "substantial increase in [the noncustodial parent's] salary is sufficient reason, in and of itself, to warrant the increase of child support" because the children are not necessarily bound by their parents' agreement (*Eisen v Eisen*, 48 AD2d 652, 653 [four-fold increase]). Thus, it was error for Family Court to dismiss petitioner's application for modification without conducting a hearing to ascertain the amount of respondent's income and determine what percentage of the income in excess of $80,000 would be payable as additional child support under the holding in *Cassano v Cassano* (85 NY2d 649).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's application for a modification of child support; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.