In 1992 the third-party defendant, John M. Ferolito, and nonparty Domenick Vultaggio founded the defendant/ counterclaim plaintiff/third-party plaintiff Beverage Marketing USA, Inc. (hereinafter BMU). BMU is one of a group of closely-held companies owned by Ferolito, Vultaggio, and their respective families, which produce and sell Arizona Iced Tea and related beverages.
On January 1, 2006, BMU executed a promissory note in favor of the plaintiff/counterclaim defendant, JMF Consulting Group II, Inc. (hereinafter JMF), in the amount of $20,000,000 payable on demand. In 2008, JMF commenced this action against BMU to recover on the promissory note.
BMU asserted three counterclaims against JMF. The first counterclaim, alleging breach of contract, sought to enjoin JMF from “demanding further monies from BMU in contravention of the parties’ agreement,” the second counterclaim sought to recover damages for unjust enrichment, and the third counterclaim was for certain declaratory relief.
In addition, BMU commenced a third-party action against Ferolito, the principal of JMF, asserting two causes of action. The first cause of action was for declaratory relief based on breach of contract and the second cause of action sought unspecified damages for breach of fiduciary duty.
*541 In its counterclaims and third-party complaint BMU alleged that, around the time of BMU’s founding in 1992, Vultaggio, Ferolito, BMU, and JMF, entered into “valid and enforceable agreements” to the effect that Vultaggio and Ferolito would each contribute money to BMU, and receive money from BMU, in equal amounts. BMU claimed that JMF and Ferolito breached these agreements by demanding payment on several promissory notes that BMU subsequently executed in favor of JMF, including the January 1, 2006, note which is the subject of JMF’s action.
JMF and Ferolito moved for summary judgment dismissing the counterclaims and the third-party complaint, and the Supreme Court, inter alia, denied their motion. JMF and Ferolito appeal from so much of the order as denied their motion, and we reverse the order insofar as appealed from.
The Supreme Court should have granted those branches of the motion of JMF and Ferolito which were for summary judgment dismissing the first counterclaim and the first cause of action in the third-party complaint alleging breach of contract. In support of their motion for summary judgment, JMF and Ferolito submitted, among other things, the deposition testimony of Vultaggio wherein he stated that in 1992 he and Ferolito orally agreed to provide equal amounts of funding for the needs of BMU through entities they controlled and that funds taken back out of BMU would be taken out in equal amounts. When asked about the basic terms of this oral agreement to provide financing for BMU, Vultaggio indicated that he and Ferolito “agreed that [they] would agree” to the specifics of such funding as needs arose. Vultaggio further testified that loans which were subsequently made to BMU “were all demand notes,” but that “the understanding outside the demand note[s]” was that neither party was permitted to demand the repayment of the loans unless both Vultaggio and Ferolito agreed.
In addition to Vultaggio’s deposition testimony, JMF and Ferolito submitted the January 1, 2006, promissory note executed by BMU in favor of JMF which indicated that the sum owed was payable on demand. A prior promissory note executed in 2005 by BMU in favor of JMF was also payable on demand. Additional promissory notes executed in 2005 and 2006 by BMU in favor of a nonparty entity controlled by Vultaggio were also payable on demand.
JMF and Ferolito established, prima facie, that the alleged oral agreement was too indefinite to be enforceable and was merely an agreement to agree (see Joseph Martin, Jr., Delicates *542 sen v Schumacher, 52 NY2d 105 [1981]; Mellen & Jayne, Inc. v AIM Promotions, Inc., 33 AD3d 676, 677-678 [2006]; Flanel v Flanel, 152 AD2d 536, 536-537 [1989]). Moreover, since the terms of each loan were set out in writing in each of the separate promissory notes executed by BMU, BMU was precluded from establishing the existence of an enforceable oral agreement by relying on parole evidence that contradicted the express terms of those notes (see Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 387 [1981]; Dong Won Kim v Frank H. Truck Corp., 81 AD3d 586, 587 [2011]; Friends of Avalon Preparatory School v Ehrenfeld, 6 AD3d 658, 658-659 [2004]). Since BMU failed to raise a triable issue of fact in response to the prima facie showing of JMF and Ferolito, those branches of the motion of JMF and Ferolito which were for summary judgment dismissing the first counterclaim and the first cause of action in the third-party complaint should have been granted.
Furthermore, to the extent that BMU sought declaratory relief in its counterclaims and third-party complaint, such relief is inappropriate since BMU had adequate, alternative remedies in another form of action (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]; Alizio v Feldman, 82 AD3d 804, 805 [2011]; Murray Hill Invs. v Adas Yereim, Inc., 226 AD2d 602, 603 [1996]; Apple Records v Capitol Records, 137 AD2d 50, 54 [1988]). Accordingly, under the circumstances, the Supreme Court should have granted those branches of the motion of JMF and Ferolito which were for summary judgment dismissing the third counterclaim and first cause of action in the third-party complaint on that additional ground (see Alizio v Feldman, 82 AD3d at 805).
The Supreme Court should also have granted that branch of the motion of JMF and Ferolito which was for summary judgment dismissing the second counterclaim alleging unjust enrichment. JMF and Ferolito showed, prima facie, that JMF was not unjustly enriched at BMU’s expense, and BMU failed to raise a triable issue of fact in opposition (see Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491, 492 [2008]).
Finally, the Supreme Court should have granted that branch of the motion of JMF and Ferolito which was for summary judgment dismissing the second cause of action asserted in the third-party complaint, which alleged that Ferolito breached a fiduciary duty owed to BMU. JMF and Ferolito established that the terms of the promissory notes “cover [ed] the precise subject matter of the alleged fiduciary duty” and thus that cause of action was duplicative of the first cause of action asserted in the third-party complaint for breach of contract (Pane v Citibank, *543 N.A., 19 AD3d 278, 279 [2005]; see Hylan Elec. Contr., Inc. v MasTec N. Am., Inc., 74 AD3d 1148, 1150 [2010]; Brooks v Key Trust Co. N.A., 26 AD3d 628, 630 [2006]; see also EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19-20 [2005]). The third-party complaint otherwise failed to state a cause of action to recover damages for breach of fiduciary duty (see generally Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 808 [2011]). In opposition, BMU failed to raise a triable issue of fact.
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Skelos, J.E, Florio, Hall and Miller, JJ., concur.