■ Bo YOUNG CHOI, Respondent, v SEI YOUNG CHOI, Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered July 12, 1989, which, inter alia, denied defendant's motion to set aside and vacate a stipulation of settlement, and an order of the same court and Justice,

entered December 5, 1989, which, *inter alia,* appointed plaintiff the receiver of certain property with directions to sell said property and distribute the proceeds pursuant to the stipulation of settlement and court order, unanimously affirmed, without costs and without disbursements.

In this divorce action commenced by plaintiff, the primary marital assets consisted of two dry-cleaning businesses. Both establishments were held in defendant's name alone. Pursuant to the parties' own arrangement during the marriage, defendant managed the 86th Street store and plaintiff managed the more profitable 23rd Street store. After commencement of this divorce action, defendant became increasingly abusive of plaintiff and threatened to deprive her of rights in the 23rd Street store. Plaintiff sought and obtained injunctive relief, based, in part, upon evidence of defendant's threats, and indications that defendant was attempting to sell the 23rd Street store, had fired or alienated employees, and had diminished the business's goodwill.

Under these circumstances, plaintiff made the requisite showing of entitlement to injunctive relief *(see generally, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862). The court correctly restrained defendant from transferring or disposing of the marital asset over which he retained exclusive control, or being present at the premises to disrupt or otherwise diminish its value. *(Frankel v Frankel,* 150 AD2d 520.)

The court properly denied defendant's application to set aside and vacate the stipulation of settlement, which was entered at a time when defendant, represented by counsel, had actively participated in negotiations and acknowledged his understanding of its terms and conditions, as well as his consent. Moreover, he obtained a buyout of plaintiff's rights in the premises at a price of $5,000 less than his original offer. *(See generally, Golfinopoulos v Golfinopoulos,* 144 AD2d 537, 538, *lv dismissed* 74 NY2d 793.) Stipulations of settlement are favored means of resolving disputes, which should not lightly be cast aside upon conclusory and unsupported allegations of duress. *(Sanders v Copley,* 151 AD2d 350, 352.) Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.