■ SEI YOUNG CHOI, Appellant, v BERNARD DWORKIN, Respondent. [646 NYS2d 531] —In an action to recover damages, inter alia, for fraud and breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County

(Dye, J.), dated June 15, 1995, which denied his motion for the court to reject the defendant's reply affirmation dated May 30, 1995, submitted in connection with the defendant's motion to dismiss the complaint, (2) an order of the same court dated June 26, 1995, which granted the defendant's motion to dismiss the complaint on the grounds of collateral estoppel and failure to state a cause of action, and (3) a judgment of the same court entered August 25, 1995, which dismissed the complaint with prejudice.

Ordered that the appeal from the order dated June 15, 1995, is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the appeal from the order dated June 26, 1995, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated June 26, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages, *inter alia,* for fraud, breach of fiduciary duty, and breach of contract against the attorney who represented him for about a month in 1989 in his matrimonial action. During that one-month period, the defendant negotiated a settlement of certain property issues between the plaintiff and his wife.

We agree with the Supreme Court that this action is barred by the doctrine of collateral estoppel (*see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501). The plaintiff's claims regarding his attorney's conduct were previously raised in his application to vacate the stipulation of settlement in the matrimonial action, and his application was denied on the merits (*Bo Young Choi v Sei Young Choi,* 167 AD2d 217). Here, as in the matrimonial action, the plaintiff claimed that the defendant, *inter alia,* misled him as to his options, induced him under duress to accept the settlement, and failed to protect his interests.

We also agree with the Supreme Court that the plaintiff's complaint failed to state causes of action against the defendant for, *inter alia,* fraud, legal malpractice, or breach of contract.

The crux of the plaintiff's allegations is that the defendant negotiated a settlement, instead of pursuing a hearing, in the matrimonial action. The plaintiff has failed to show that the defendant's negotiation of the settlement or his advice to accept its terms was in any manner wrongful or negligent (*see, e.g., Rosner v Paley,* 65 NY2d 736). Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.