■ MARY J. NATOLE, Respondent-Appellant, v MICHAEL C. NATOLE, Appellant-Respondent. [682 NYS2d 864] —In an action

for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated November 24, 1997, as granted that branch of the plaintiff wife's motion which was to vacate so much of a stipulation entered in the Family Court on March 6, 1997, as provided that the marital residence be placed on the market and denied that branch of his cross motion which was to enforce the stipulation, and the wife cross-appeals, as limited by her notice of appeal and her brief, from so much of the same order as declined to award her interim counsel fees.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted so much of the wife's motion which was to vacate so much of the stipulation as provided that the marital residence be placed on the market and adding a provision thereto granting that branch of the cross motion which was to enforce the stipulation; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the husband.

Stipulations of settlement are favored by the courts and not lightly cast aside (*see, Matter of Galasso,* 35 NY2d 319, 321). This is all the more so in the case of stipulations made in open court "where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (*Hallock v State of New York,* 64 NY2d 224, 230; *see, Sontag v Sontag,* 114 AD2d 892, 893). Thus, absent fraud, overreaching, mistake, or duress, a stipulation will not be disturbed by the court (*see, Daniel v Daniel,* 224 AD2d 573). Moreover, there is nothing in *Matisoff v Dobi* (90 NY2d 127) which indicates that the Court of Appeals intended to abrogate this well-settled law or CPLR 2104.

In the present case, the record supports a finding that the wife voluntarily and knowingly entered into the stipulation of settlement with counsel at her side. The record does not support a finding that the stipulation should be set aside. Accordingly, the husband's cross motion to enforce the terms of the stipulation should have been granted.

The court did not improvidently exercise its discretion in declining the wife's request for an interim award of counsel fees (*see,* Domestic Relations Law § 237). Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.