■ KAREN BRUCKSTEIN, Respondent, v IRVING BRUCKSTEIN, Appellant. [705 NYS2d 391] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered April 15, 1999, as denied his motion, *inter alia*, to modify the terms of the stipulation of settlement entered into in open court.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and are not lightly set aside (*see, Hallock v State of New York,* 64 NY2d 224, 230; *Lazich v Lazich,* 233 AD2d 425; *Sontag v Sontag,* 114 AD2d 892). Furthermore, a stipulation of settlement with respect to property, custody, and support issues in a matrimonial action, which is placed on the record in open court and which is fair on its face, will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see, Christian v Christian,* 42 NY2d 63, 73; *Wilson v Neppell,* 253 AD2d 493; *Lazich v Lazich, supra*). The appellant failed to establish the existence of any ground to vacate the stipulation at issue, which was neither unfair nor unreasonable. The fact that the appellant was not represented by counsel at the time the stipulation was placed on the record is not significant here. The appellant was admonished repeatedly to obtain counsel, and on several occasions during the hearing expressly acknowledged that he waived his right to retain counsel and agreed to the terms of the settlement (*see, Levine v Levine,* 56 NY2d 42, 48; *Wilson v Neppell, supra*). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.