■ EDWARD JABLONSKI, Appellant, v CATHERINE JABLONSKI, Respondent. [713 NYS2d 184] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated March 18, 1999, which, after a nonjury trial, *inter alia*, (a) equitably distributed the marital property, (b) imputed income to him for the purpose of calculating his child support obligation and fixed retroactive support arrears, (c) directed him to pay 65% of the college expenses of the parties' children, and (d) awarded the defendant wife counsel fees in the sum of $24,296.

Ordered that the judgment is modified by (1) adding to the twelfth decretal paragraph thereof a provision directing that the amount which the plaintiff contributes to the children's college expenses be deducted from his child support obligation for any period in which the children live away from home while attending college, (2) deleting the thirteenth paragraph thereof, which awarded the defendant 75% of the plaintiff's retirement accounts at the Joint Industry Board of the Electrical Industry, and substituting therefor a decretal paragraph awarding the defendant 50% of the subject retirement accounts, (2) deleting from the fourteenth decretal paragraph thereof the number 75, and substituting therefor the number 50; as so modified, the

judgment is affirmed insofar as appealed from, without costs or disbursements.

Prior to the commencement of the trial in this action, the parties stipulated, in open court, that certain retirement accounts that the plaintiff maintained at the Joint Industry Board of the Electrical Industry constituted marital property, and would be equally divided between them. It is well settled that open-court stipulations of this nature are judicially favored, and will not be lightly set aside (see, Bruckstein v Bruckstein, 271 AD2d 389; Natole v Natole, 256 AD2d 558; Matter of Gruntz, 168 AD2d 558). Moreover, an open-court stipulation is an independent contract between the parties (see, McWade v McWade, 253 AD2d 798), and will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (see, Christian v Christian, 42 NY2d 63; Bruckstein v Bruckstein, supra). Since there is no claim that the stipulation was the product of such improper conduct, the Supreme Court should have distributed the plaintiff's retirement accounts in the manner agreed upon by the parties.

Contrary to the plaintiff's contention, we find that the Supreme Court properly imputed income to him for the purpose of determining his child support obligation (see, Mellen v Mellen, 260 AD2d 609; Morrissey v Morrissey, 259 AD2d 472; Goddard v Goddard, 256 AD2d 545; Tesler v Tesler, 228 AD2d 491). It was also proper for the court to direct, in accordance with Domestic Relations Law § 236 (B) (7) (a), that child support be made retroactive to the date upon which the defendant's application for such support was first made (see, Crane v Crane, 264 AD2d 749; Mellen v Mellen, supra; Harris-Logan v Logan, 228 AD2d 557).

The Supreme Court properly directed the plaintiff to pay a proportionate share of the children's college expenses (see, Domestic Relations Law § 240 [1-b] [c] [7]; Matter of Cassano v Cassano, 85 NY2d 649). However, it was error to do so without including a provision either reducing the plaintiff's level of child support, or crediting him for any amounts he contributes toward college expenses during those periods when the children may live away from home while attending college (see, Sheridan v Sperber, 269 AD2d 439; Imhof v Imhof, 259 AD2d 666; Justino v Justino, 238 AD2d 549; Reinisch v Reinisch, 226 AD2d 615). Therefore, the judgment has been modified accordingly.

Upon consideration of the equities and circumstances of this case, the relative merits of the parties' positions, and their re-

spective financial positions (*see, Morrissey v Morrissey, supra*; *Walker v Walker,* 255 AD2d 375), we find that the Supreme Court providently exercised its discretion in awarding counsel fees to the defendant (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.