■ ROBERT P. LYNN, JR., P. C., Respondent, v CAROL NEARY et al., Appellants. [730 NYS2d 115] —In an action to recover unpaid legal fees, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated May 24, 1999, as granted that branch of the plaintiff's motion which was for summary judgment dismissing their first counterclaim to recover damages for breach of fiduciary duty, fraud, and legal malpractice, and (2) an order of the same court dated October 4, 1999, as, upon

reargument, granted that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing their second counterclaim for an accounting of disbursements and denied those branches of their cross motion which were to reinstate the first counterclaim and for leave to amend the second counterclaim.

Ordered that the appeal from the order dated May 24, 1999, is dismissed, as that order was superseded by the order dated October 4, 1999, made upon reargument; and it is further,

Ordered that the order dated October 4, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff represented the defendants in a personal injury action as well as in a subsequent "bad faith" action against an insurer. The legal fees which the plaintiff seeks to recover in this action arise from the bad faith action, wherein the defendants signed a retainer agreement providing for hourly billing. The defendants interposed a counterclaim alleging breach of fiduciary duty, fraud, and legal malpractice, as well as a counterclaim seeking an accounting of disbursements in the personal injury action.

The Supreme Court correctly dismissed both counterclaims. The defendants' claims regarding the plaintiff's conduct were previously raised in a cross motion in a related action and rejected on the merits by the Supreme Court, Nassau County, in an order dated January 31, 1995. Similarly, the plaintiff provided an accounting of disbursements in the underlying personal injury action, and the Supreme Court determined that the plaintiff was entitled to the payment requested. Hence, both counterclaims are barred by the doctrine of collateral estoppel (see, Kaufman v Eli Lilly & Co., 65 NY2d 449; Choi v Dworkin, 230 AD2d 780; Sutton v Ezra, 224 AD2d 517; Kagan Meat & Poultry v Kalter, 70 AD2d 632).

The defendants' remaining contentions are without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.