■ KRYSTYNA LUKASZUK, Respondent, v KRZYSZTOF LUKASZUK, Appellant. [757 NYS2d 479] —In a matrimonial action in which the parties were divorced by judgment entered June 16, 2001, the defendant former husband appeals from an order of the Supreme Court, Kings County (Marks, J.), dated March 20, 2002, which, after a hearing, denied his motion to vacate the parties' stipulation of settlement entered into in open court on March 15, 2001.

Ordered that the order is affirmed, with costs.

It is well-settled that open-court stipulations of settlement are judicially favored, and will not be lightly set aside (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Matter of Galasso,* 35 NY2d 319, 321 [1974]; *Jablonski v Jablonski,* 275 AD2d 692, 693 [2000]; *Natole v Natole,* 256 AD2d 558 [1998]). Only where there is cause sufficient to invalidate a contract will a party be relieved from the consequences of a stipulation made during litigation (*see Hallock v State of New York, supra; Christian v Christian,* 42 NY2d 63 [1977]; *Matter of Frutiger,* 29 NY2d 143, 149-150 [1971]; *Jablonski v Jablonski, supra* at 693). The defendant failed to establish that at the time of the stipulation of settlement he was suffering from a mental illness or defect which rendered him incapable of comprehending the nature of the transaction or making a rational judgment concerning the transaction, or that by reason of mental illness he was unable to control his conduct (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.,* 25 NY2d 196, 202-205 [1969]; *Matter of Lee,* 294 AD2d 366 [2002]; *Gala v Magarinos,* 245 AD2d 336 [1997]; *Matter of Waldron,* 240 AD2d 507 [1997]; *Smith v Comas,* 173 AD2d 535 [1991]). Furthermore, the defendant's conclusory allegations of duress and coercion are belied by the transcript of the stipulation of settlement (*see*

*Kane Constr. v Byrd,* 284 AD2d 509 [2001]; *Lefkowitz v Lefkowitz,* 276 AD2d 598 [2000]; *Sarai v Sarai,* 267 AD2d 295 [1999]; *Cavalli v Cavalli,* 226 AD2d 666 [1996]). Accordingly, the Supreme Court properly denied the motion to vacate the stipulation of settlement. Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.