■ EILEEN DEGREGORIO, Respondent, v JOEL C. BENDER et al., Defendants, and E. MICHAEL KOSAN et al., Appellants. [771 NYS2d 388]—

In an action to recover damages for legal malpractice, the defendants E. Michael Kosan and Fredman & Kosan, LLP, appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered February 28, 2003, which denied their mo-

tion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

In this action to recover damages for legal malpractice, the plaintiff alleges, inter alia, that the appellants were negligent in their representation of her in connection with a motion to vacate a stipulation of settlement in a matrimonial action. The appellants moved to vacate the stipulation on the ground that the plaintiff was not competent to negotiate and enter into the stipulation because she was experiencing lithium withdrawal. The motion was denied. The plaintiff claims that the appellants were negligent because they did not also base the motion on the failure of her former attorneys to have certain marital assets, particularly her former husband's pension, appraised.

After the appellants set forth a prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether she would have prevailed on the motion to vacate but for their alleged negligence (*see Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]). It is well settled that open-court stipulations of settlement are judicially favored, and will not lightly be set aside (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Lukaszuk v Lukaszuk,* 304 AD2d 625 [2003]). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra* at 230; *see Lukaszuk v Lukaszuk, supra).* Any alleged negligence by the plaintiff's former attorneys would not provide a reason to set aside the stipulation where the plaintiff was present during the negotiations, the stipulation was read in open court, and the plaintiff did not object to the settlement (*see Hallock v State of New York, supra* at 231; *Choi v Choi,* 167 AD2d 217, 218 [1990]).

The plaintiff also alleges that the appellants were negligent in failing to oppose a motion by her former attorneys for a charging lien. The appellants, however, were not retained to represent the plaintiff with respect to the fee dispute and the documentary evidence established that the plaintiff did not request them to do so. Consequently, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.