Monahan v Monahan (2004 NY Slip Op 50296(U))

[*1]

Monahan v Monahan

2004 NY Slip Op 50296(U)

Decided on February 23, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 23, 2004

Supreme Court, Nassau County
 LOTTIE MONAHAN, Plaintiff,
against
WILLIAM J. MONAHAN, Defendant.
Index No. 03-202837

Anthony J. Falanga, J.
 On August 20, 2003, the parties and their respective counsel placed a stipulation on the record before the Hon. John P. Dunne settling a plenary action commenced by the defendant under index # 01-203569 seeking to set aside a stipulation of settlement dated April 4, 2001. On September 22, 2003, the plaintiff pro se commenced the above captioned plenary action under index number 03-202837 seeking to set aside the stipulation placed on the record before Justice Dunne on the ground that it is the product of the defendant's material misrepresentation of the value of his annuity and the amount of income he was receiving in social security disability benefits.
 Pursuant to a notice of motion submitted on December 4, 2003, the defendant moved for an order dismissing the complaint pursuant to CPLR 3211 on the grounds 1) that the complaint failed to state a viable cause of action; 2) that the in court stipulation affirmed the general release provisions of the prior written stipulation; and 3) that "there is no material fact precluding the granting" of the motion.
 By order dated December 11, 2003, the Court held that the complaint stated a viable cause of action with sufficient specificity pursuant to CPLR 3016 and the general release provisions of a stipulation were not a bar to a cause of action seeking to set aside said stipulation on the ground that it was procured by a material misrepresentation. With regard to the defendant's contention that there were no material disputed issues of facts and that he was entitled to a judgment dismissing the complaint as a matter of law, the order dated December 11, 2003 afforded the parties adequate notice that it intended to treat defendant's motion to dismiss for failure to state a cause of action under CPLR 3211[a] as a motion for summary judgment on the merits pursuant to CPLR 3212, and the parties were given the opportunity to submit additional papers. The defendant submitted supplemental papers on January 5, 2004 and February 2, 2004. The plaintiff submitted supplemental papers on January 12, 2004.
 Accordingly, the motion presently before the Court is the defendant's motion for an [*2]order pursuant to CPLR 3212 granting him summary judgment dismissing the complaint.
 The stipulation placed on the record in open court on August 20, 2003 provides, in relevant part, as follows: the written stipulation dated April 4, 2001 was amended so as to 1) relieve the defendant of his obligation to pay maintenance of $24,000.00 a year until the death or remarriage of the plaintiff and require instead that he pay maintenance of $7000.00 a year until the death of either party, the remarriage of the plaintiff or August 31, 2010, whichever first occurs; and 2) amend the provision requiring the equal division of the defendant's Metal Lathers Union Local 46 annuity and provide instead for the distribution to the wife of the sum certain of $180,000.00 with the balance to be distributed to the defendant except for an additional $5000.00 to be paid by the defendant to the plaintiff from a loan to be taken against his share of the annuity.
 The stipulation dated April 4, 2001 sets forth that the defendant's Metal Lathers Union Local 46 annuity was worth $414,443.84 on June 30, 2000. Said annuity was worth $283,444.69 on August 17, 2003 and increased in value to $291,253.97 on August 20, 2003, as the result of "investment income" credits to the account in the total sum of $7809.28.
 The plaintiff contends and the defendant does not deny, that as of August 20, 2003, he was receiving social security disability benefits "in the range of $1800.00 a month."
 According to the plaintiff, during settlement negotiations conducted in the courthouse, the defendant's attorney represented that the defendant's annuity was worth $280,000.00. She states that she would not have agreed to accept $180,000.00 from the annuity if she knew it was worth over $290,000.00 rather than $280,000.00. She further alleges that the defendant's attorney represented to her attorney that he thought the defendant was receiving social security disability benefits of $1400.00 a month, and that she would not have agreed to reduce maintenance to $7000.00 a year if she was aware that he was receiving benefits of $1800.00 a month. In addition, the plaintiff contends that she agreed to the terms of the stipulation because the defendant's attorney "threatened" that "no remedy would attach" to the defendant's income or assets.
 The plaintiff concedes that both parties had the ability to confirm the value of the annuity using the internet, but states that she didn't do so before going to court on August 20, 2003, as she did not anticipate entering into a settlement on that date. She also had the ability to ascertain defendant's social security benefit through the Social Security Administration, as she apparently did subsequent to August 20, 2003, but again, did not do so prior to August 20, 2003.
 The defendant's attorney states that both parties recognized that the annuity was subject to market fluctuations; that he had last confirmed the value of the annuity on August 17, 2003; and that he had calculated a reduction in value from $283,444.69 to $280,000.00 because he was aware the market had fallen between August 17, 2003 and August 20, 2003. He contends that settlement negotiations focused only on fixing a sum certain to be paid to the plaintiff and [*3]not on the actual value of the asset as of the particular date the parties were before the Court. He denies discussing the amount of the defendant's social security disability income with the plaintiff's attorney and states that negotiations involved only the amount of maintenance to be paid to the plaintiff and did not involve discussions that maintenance should represent any particular portion or percentage of the defendant's income.
 The law is well settled that open-court stipulations are judicially favored (see, Jablonski v Jablonski, 275 AD2d 692; Bruckstein v Bruckstein, 271 AD2d 389). Moreover, an open-court stipulation is an independent contract between the parties that will be enforced according to its terms unless there is proof of fraud, duress, overreaching or unconscionability (see, Christian v Christian, 42 NY2d 63, Jablonski v Jablonski, supra).
 In the instant case, where both parties were represented by counsel, plaintiff's allegations of duress or overreaching on the part of defendant's attorney are insufficient as a matter of law; the stipulation is fair on its face; and the plaintiff does not allege that it is unconscionable (see, Kazimierski v Weiss, 252 AD2d 481; Mairer v Mairer, 221 AD2d 193; Surfak v Surfak, 95 AD2d 371, appeal dismissed 61 NY2d 906; Cucchiaro v Cucchiaro, 165 Misc2d 134).
 As the proponent of a fraud claim, the plaintiff must prove "1) misrepresentation of a material fact; 2) scienter; 3) justifiable reliance, and 4) injury or damages" (Shultis v Reichel-Shultis, 1 AD3d 876 quoting Rosario Suarz v Wormuth Bros. Foundry, 233 AD2d 575).
 Here, the plaintiff has not alleged that the defendant or his attorney made any material misrepresentation in any document or on the record. She seeks to set aside the stipulation in issue on the ground that the defendant's attorney made material misrepresentations to her attorney during negotiations that took place in the courthouse which she justifiably relied upon to her detriment.
 The Court is aware that the stipulation in issue resolved a pending plenary action to set aside a stipulation of settlement, not a matrimonial action. Although the parties exchanged net worth affidavits at the preliminary conference on February 27, 2002 and conducted depositions, the record provides little information with regard to disclosure of the parties' respective financial circumstances as of the date of the commencement of the action and the date of the stipulation, as such discovery is generally enjoined until such time as a stipulation of settlement is set aside (see, Garguilio v Gargulio, 168 AD2d 666). The plaintiff states that she did not ascertain the value of the defendant's annuity or the amount of his social security disability benefits prior to August 20, 2003 because she expected to go to trial on that date and did not expect to enter into a stipulation amending the written stipulation and settling the action.
 Nevertheless, the Court finds as a matter of law, that even if the defendant's attorney made misrepresentations to plaintiff's attorney during the course of courthouse negotiations, concerning the value of the annuity or the amount of the disability benefits, the plaintiff was not [*4]justified in relying on said representations. The defendant did not conceal the annuity or his disability income. The plaintiff contends only that their values were misrepresented. If the plaintiff believed said representations were so material such that she would not have entered into the stipulation but for said representations, she had the option of seeking an adjournment to afford her the opportunity to confirm said values, or she could have required a representation on the record with regard to same.
 Here, where the plaintiff, represented by counsel, failed to exercise reasonable diligence to ascertain the value of the annuity or the amount of the defendant's disability benefit, her purported reliance on defendant's counsel's alleged statements that he thought the social security was $1400.00 a month and believed the annuity was worth $280,000.00, was not justified (see, Chalos v Chalos, 128 AD2d 498, appeal dismissed 70 NY2d 609, rearg den 70 NY2d 927; Mairer v Mairer, supra; Stoerchle v Stoerchle, 101 AD2d 831; Cucchiaro v Cucchiaro, supra).
 Based upon all of the foregoing, the motion is granted and the complaint is dismissed with prejudice. The QDRO annexed to the defendant's further affirmation dated February 2, 2004 shall be forwarded by defendant's counsel to the Judgment Clerk of this Court within 5 business days of the date of this order.
 E N T E R:
 Anthony J. Falanga, Justice
 Dated: February 23, 2004
 Supreme Court, Nassau County
 Mineola, NY

 

Decision Date: February 23, 2004