■ GLENN BORGHOFF, Appellant, v CORINNE BORGHOFF, Respondent. [779 NYS2d 215]—

In an action, inter alia, to set aside a separation agreement, the plaintiff former husband appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated April 21, 2003, which, after a hearing, dismissed the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Open-court stipulations of settlement are judicially favored, and will not be lightly set aside (*see DeGregorio v Bender,* 4 AD3d 385, 386 [2004]; *Lukaszuk v Lukaszuk,* 304 AD2d 625 [2003]). Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *DeGregorio v Bender, supra; Lukaszuk v Lukaszuk, supra*). Absent such proof, a stipulation that is fair on its face will be enforced (*see Linder v Linder,* 297 AD2d 710, 711 [2002]).

The Supreme Court correctly determined that the plaintiff failed to demonstrate entitlement to relief from the stipulation spread on the record in February 1997 settling the parties' matrimonial action. Contrary to the plaintiff's contentions, the Supreme Court's denial of an adjournment to permit him to adduce testimony from two expert witnesses did not prevent him from meeting his burden of proof. The proposed testimony of a private investigator concerning the defendant's physical condition two years *after* the stipulation bears no relevance to the alleged exaggeration of her disability in 1997 which, the plaintiff conclusorily claims, induced him to assume disproportionately greater financial obligations (*cf. Matter of Morrissey v Sobol,* 176 AD2d 1147, 1150 [1991]). Similarly, based upon the plaintiff's generalized offer of proof, the plaintiff's proposed expert accountant would not have provided specific relevant evidence sufficient to prove the stipulation to be unconscionable. Accordingly, the complaint was properly dismissed. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.