■ In the Matter of Itoko Suzuki, Also Known as Ituko Suzuki, Respondent, v Arnold Peters, Appellant. [784 NYS2d 393]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Morales-Horowitz, J.), entered September 17, 2003, which denied his objections to an order of the same court (Kava, H.E.), entered July 8, 2002, which denied his motion for leave to renew and/or reargue the petition and to vacate an order of the same court (Kava, H.E.), entered January 24, 2002, which, upon consent, directed the disbursement of funds held in escrow with respect to arrears of child support and educational expenses.

Ordered that the order is affirmed, without costs or disbursements.

" '[S]tipulations of settlement, especially those whose terms are placed upon the record in open court, are met with judicial favor. Absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court' " (*Matter of Woods v Velez-Shanahan,* 308 AD2d 593, 594 [2003], quoting *Wieners v Wieners,* 239 AD2d 493, 494 [1997]; *see Natole v Natole,* 256 AD2d 558, 559 [1998]). Contrary to the father's

contention, he clearly consented to the terms of the stipulation in the presence of a Hearing Examiner, after negotiations between the parties' attorneys in open court. The record does not support a finding that the stipulation settling the issue of arrears raised in the petition should be set aside (*see Matter of Woods v Velez-Shanahan, supra; Natole v Natole, supra*).

The father's remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.