■ Gregory Tarone, Respondent, v Madeleine Tarone, Appellant. (Action No. 1.) Katherine Tarone, Respondent, v Gregory Tarone, Respondent, and Madeleine Tarone, Appellant. (Action No. 2.) Madeleine Tarone, Appellant, v Gregory Tarone et al., Respondents. (Action No. 3.) [809 NYS2d 150]—

In three related actions, for a divorce and ancillary relief (action No. 1), to recover the unpaid amount allegedly due pursuant to a mortgage note (action No. 2), and, inter alia, to recover damages for fraud (action No. 3), Madeleine Tarone appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 9, 2004, which, inter alia, denied that branch of her motion which

was to set aside a stipulation of settlement entered into in open court settling the financial issues in action No. 1, and granted those branches of the defendants' respective motions in action No. 3 which were to dismiss the complaint in that action.

Ordered that the order is modified, on the law and facts, by deleting the provision thereof denying that branch of the appellant's motion which was to vacate a stipulation of settlement entered into in open court settling the financial issues in action No. 1, and substituting therefor a provision granting that branch of the motion and setting aside the stipulation of settlement; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On January 15, 2003, the plaintiff Gregory Tarone (hereinafter the plaintiff) and the appellant entered into a stipulation of settlement of the financial issues in action No. 1 for a divorce with the understanding that the stipulation would be "incorporated but not merged into the parties Judgment of Divorce." The agreement provided that the appellant would receive $40,000 within 10 days and an additional $40,000 by July 15, 2003.

Immediately thereafter, the court conducted an inquest regarding the issue of constructive abandonment alleged by the plaintiff. At the conclusion of the inquest, the court granted "the plaintiff a Judgment of Divorce based upon the grounds of constructive abandonment" and held that "[t]he terms of the stipulation are incorporated into the decree." The plaintiff was directed to submit a judgment of divorce to the court by March 14, 2003.

Thereafter, the Supreme Court granted the appellant's motion to set aside its determination, held that the plaintiff failed to establish grounds for divorce, and set the matter down for a new trial, but refused to set aside the stipulation of settlement. This was error.

Open-court stipulations are judicially favored, and will not be set aside absent fraud, overreaching, mistake, duress, or unconscionability (see *Jablonski v Jablonski*, 275 AD2d 692, 693 [2000]; *Bruckstein v Bruckstein*, 271 AD2d 389 [2000]; *Daniel v Daniel*, 224 AD2d 573 [1996]). However, in the instant case, in view of the determination that the plaintiff failed to establish his entitlement to a divorce, the stipulation of settlement should have been vacated (see *Lyons v Lyons*, 187 AD2d 415, 416 [1992]; *Elkaim v Elkaim*, 123 AD2d 371 [1986]). The stipulation cannot be considered a valid postnuptial or "opting out" agreement pursuant to Domestic Relations Law § 236 (B) (3) (*see Matisoff v Dobi*, 90 NY2d 127, 137 [1997]).

The appellant's remaining contentions are without merit. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.