■ MILDRED PRETTERHOFER, Appellant, v LORENZ PRETTERHOFER, Respondent. [829 NYS2d 601]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated February 17, 2006, which granted the defendant's motion for leave to enter judgment upon the parties' stipulation of settlement of the action to the extent of authorizing the defendant to submit the stipulation to the court so that it could be so-ordered.

Ordered that the order is affirmed, with costs.

"[O]pen-court stipulations of settlement are judicially favored, and will not lightly be set aside" (*DeGregorio v Bender*, 4 AD3d 385, 386 [2004]; *see Hallock v State of New York*, 64 NY2d 224, 230 [1984]). Such agreements are governed by the law of contracts, and a party will not be relieved of his or her obligations thereunder absent a legally valid basis for invalidating a contract, such as fraud, collusion, mistake or accident (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Borghoff v Borghoff*, 8 AD3d 519 [2004]; *Lukaszuk v Lukaszuk*, 304 AD2d 625 [2003]; *Bossom v Bossom*, 141 AD2d 794 [1988]).

The parties in this case validly entered into a comprehensive open-court stipulation (*see* CPLR 2104; *Rubenfeld v Rubenfeld*, 279 AD2d 153 [2001]; *Nordgren v Nordgren*, 264 AD2d 828 [1999]; *De Jose v De Jose*, 104 AD2d 629, *affd* 66 NY2d 804 [1985]; *Harrington v Harrington*, 103 AD2d 356 [1984]), by which the plaintiff unequivocally, knowingly, and voluntarily agreed to be bound (*see Matter of Suzuki v Peters*, 12 AD3d 612 [2004]; *Natole v Natole*, 256 AD2d 558 [1998]). The plaintiff's conclusory and unsubstantiated assertions to the contrary were inadequate to render the oral stipulation unenforceable (*see DeGregorio v Bender, supra; Golfinopoulos v Golfinopoulos*, 144 AD2d 537 [1988]; *Bossom v Bossom, supra*), as was her subsequent refusal to prepare and execute a written stipulation to the same effect (*see Storette v Storette*, 11 AD3d 365 [2004]; *Friedman v Garey*, 8 AD3d 129 [2004]). Accordingly, the Supreme Court properly granted the defendant's motion to the extent of authorizing him to submit the parties' stipulation to the court so that it could be so-ordered. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.