■ LORI MARIE GALLAGHER, Appellant, v RICHARD LEO GALLAGHER, JR., Respondent. [858 NYS2d 710]—In a matrimonial action in which the parties were divorced by a judgment dated October 16, 2006, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 6, 2007, as denied those branches of her motion which were for an upward modification of the defendant's child support obligation based upon an increase in the defendant's salary, the imputation of further income to the defendant for child support purposes, and for an award of counsel fees.

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the motion which was for an upward modification of child support based upon an increase in the defendant's salary and substituting therefor a provision directing a hearing on the issue of whether and, if so, to what extent the defendant's child support obligation should be increased based only upon an increase in his salary, and (2) by deleting the provision thereof denying that branch of the motion which was for an award of counsel fees and substituting therefor a provision denying that branch of the motion without prejudice to renewal following the hearing on the issue of an increase in the defendant's child support obligation; as so modified, the order is affirmed insofar as appealed from, with costs payable to the appellant, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings consistent herewith.

Given the needs of the parties' infant child, the plaintiff's lack of employment, and the substantial increase in the defendant's salary, the plaintiff made a sufficient showing to warrant a hearing on that branch of her motion which was for an upward modification of child support based upon the increase

in the defendant's salary (*see generally Matter of Burnett v Student,* 278 AD2d 626 [2000]).

As to that branch of the plaintiff's motion which was for an award of counsel fees, she concedes that most of the fees generated in connection with her motion were attributable to her claim that the defendant was in contempt of his support obligation under the judgment of divorce, a claim which the Supreme Court rejected and which the plaintiff has since abandoned (*see* Domestic Relations Law § 237 [c]). Nevertheless, since some of the fees are attributable to her request for an increase in child support (*id.*), and the Supreme Court must hold a hearing with respect to that issue, the denial of that branch of her motion which was for an award of counsel fees is modified to make it without prejudice to renewal at the conclusion of that hearing. The court should consider the equities of the case, the financial circumstances of the parties, and the relative merits of their respective positions in determining whether and to what extent such an award is appropriate (*see Popelaski v Popelaski,* 22 AD3d 735 [2005]; *Tayar v Tayar,* 250 AD2d 757 [1998]; *Leabo v Leabo,* 203 AD2d 254 [1994]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to impute income to the defendant pursuant to Domestic Relations Law § 240 (1-b) (b) (5) (iv) (B) under the circumstances of this case.

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Dudla v Dudla,* 304 AD2d 1009 [2003]; *see generally Sarva v Chakravorty,* 34 AD3d 438 [2006]; *Weber v Jacobs,* 289 AD2d 226 [2001]; *Fresh Pond Rd. Assoc. v Estate of Schacht,* 120 AD2d 561 [1986]; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757 [1985]). Mastro, J.P., Rivera, McCarthy and Dickerson, JJ., concur.