RUTH GABRIELLE TAORMINA, Appellant, v JOSEPH TAORMINA, Respondent. [924 NYS2d 825]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered July 1, 2010, as denied her motion to vacate a stipulation of settlement entered into on October 15, 2009.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Open-court stipulations are judicially favored, and will not be set aside absent fraud, overreaching, mistake, duress, or unconscionability" (*Tarone v Tarone*, 25 AD3d 779, 780 [2006]; *see Lukaszuk v Lukaszuk*, 304 AD2d 625 [2003]; *Jablonski v Jablonski*, 275 AD2d 692, 693 [2000]). Where a party unequivocally, knowingly, and voluntarily agrees to be bound by a stipulation placed on the record in open court, the agreement will not be set aside based on the party's refusal to execute a written stipulation containing the same terms (*see Pretterhofer v Pretterhofer*, 37 AD3d 446 [2007]; *Storette v Storette*, 11 AD3d 365 [2004]). Here, the parties validly entered into a comprehensive open-court stipulation (*see* CPLR 2104; *Pretterhofer v Pretterhofer*, 37 AD3d at 446; *Borghoff v Borghoff*, 8 AD3d 519 [2004]) by which the plaintiff unequivocally, knowingly, and voluntarily agreed to be bound (*see Pretterhofer v Pretterhofer*, 37 AD3d at 446). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the stipulation of settlement (*id.*).

The plaintiff's remaining contentions are improperly raised for the first time on appeal (*see Gallagher v Gallagher*, 51 AD3d 718, 719 [2008]). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.