■ LINDA TAVOLACCI, Appellant, v FRANK TAVOLACCI, Respondent. [980 NYS2d 515]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated June 4, 2012, as granted that branch of the defendant's motion which was to incorporate the stipulation of settlement entered on the record during a conference held on November 4, 2011, into the judgment of divorce and denied her motion, in effect, to vacate the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and are not lightly cast aside, particularly when the parties are represented by attorneys (*see Nigro v Nigro,* 44 AD3d 831 [2007]; *see also Taormina v Taormina,* 85 AD3d 766 [2011]; *Tarone v Tarone,* 25 AD3d 779, 780 [2006]; *Lukaszuk v Lukaszuk,* 304 AD2d 625 [2003]; *Jablonski v Jablonski,* 275 AD2d 692, 693 [2000]). Where a party unequivocally, knowingly, and voluntarily agrees to be bound by a stipulation placed on the record in

open court, the agreement will not be set aside based on the party's refusal to execute a written stipulation containing the same terms (*see Taormina v Taormina*, 85 AD3d at 766; *Pretterhofer v Pretterhofer*, 37 AD3d 446 [2007]; *Storette v Storette*, 11 AD3d 365 [2004]).

Contrary to the plaintiff's contentions, the record demonstrates that the parties validly entered into a comprehensive open-court stipulation (*see* CPLR 2104; *Pretterhofer v Pretterhofer*, 37 AD3d at 446; *Borghoff v Borghoff*, 8 AD3d 519 [2004]) by which the plaintiff unequivocally, knowingly, and voluntarily agreed to be bound (*see Pretterhofer v Pretterhofer*, 37 AD3d at 446). Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate the stipulation of settlement and properly granted that branch of the defendant's motion which was to incorporate the stipulation of settlement into the judgment of divorce. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.