■ ELLEN EBEL, Appellant, v MICHAEL EBEL, Respondent. [994 NYS2d 673]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (LaSalle, J.), dated June 19, 2012, as, upon an order of the same court dated June 18, 2012, which, inter alia, denied her motion to vacate a so-ordered stipulation of settlement entered on the record in open court on May 24, 2011, incorporated the terms of the stipulation of settlement into the judgment of divorce.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's contention that the terms of the parties' stipulation of settlement are unconscionable is not properly before this Court, as it was not raised at the trial level. Rather, the plaintiff unpersuasively argued before the Supreme Court that her emotional state prevented her from entering into the stipulation knowingly, voluntarily, and intelligently (*see Gallagher v Gallagher*, 51 AD3d 718, 719 [2008]; *Black v Black*, 1 AD3d 303, 304 [2003]; *Weiner v MKVII-Westchester*, 292 AD2d 597, 598 [2002]; *Weber v Jacobs*, 289 AD2d 226, 227 [2001]).

The plaintiff's additional contention that the stipulation should have been vacated because it did not address, and she did not waive her claims regarding, certain financial issues is

without merit. Stipulations of settlement are favored by the courts and are not lightly cast aside, particularly when the parties are represented by attorneys (*see Tavolacci v Tavolacci*, 114 AD3d 759, 759 [2014]; *Taormina v Taormina*, 85 AD3d 766, 766 [2011]; *Tarone v Tarone*, 25 AD3d 779, 780 [2006]). Where, as here, the record demonstrates that the parties validly entered into a comprehensive open-court stipulation (*see* CPLR 2104; *Pretterhofer v Pretterhofer*, 37 AD3d 446, 446 [2007]; *Borghoff v Borghoff*, 8 AD3d 519 [2004]) by which the plaintiff knowingly, voluntarily, and intelligently agreed to be bound (*see Pretterhofer v Pretterhofer*, 37 AD3d at 446), the agreement will not be set aside (*Matter of Strang v Rathbone*, 108 AD3d 565, 566 [2013]; *Taormina v Taormina*, 85 AD3d at 766). Here, the terms of the parties' agreement, including issues of financial support and equitable distribution of the marital residence, were placed on the record in what the Supreme Court characterized as a "global stipulation of settlement." Moreover, the plaintiff's counsel affirmatively waived all other equitable distribution matters and withdrew all outstanding requests for relief. Thereafter, the court conducted a thorough allocution of the plaintiff, who indicated that she understood the terms of the stipulation, that she had received sufficient time to consult with her attorney, and that she consented to the terms of the stipulation. Accordingly, the court properly determined that she knowingly, voluntarily, and intelligently accepted the terms of the stipulation (*see Matter of Strang v Rathbone*, 108 AD3d at 566), and correctly denied the plaintiff's motion to vacate the stipulation of settlement. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.