Gary Walker, Appellant,
against
Yolanda Cintron, Respondent.




Gary Walker, appellant pro se.
Yolanda Cintron, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered May 15, 2017. The order denied plaintiff's motion to vacate a stipulation of settlement and to restore the action to the calendar.




ORDERED that the order is affirmed, without costs.
In this action to recover for loans that were not repaid, the parties entered into a so-ordered stipulation of settlement. Shortly thereafter, plaintiff moved to vacate the stipulation and to restore the action to the calendar. Plaintiff appeals from an order of the Civil Court denying his motion.
It is well settled that stipulations of settlement are judicially favored and will not be set aside absent proof that the settlement was obtained by fraud, collusion, mistake, accident or other ground sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224 [1984]; New York Med. & Diagnostic Ctr. v Nachande, 56 Misc 3d 140[A], 2017 NY Slip Op 51092[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Cach, LLC v Woodsnajac, 42 Misc 3d 129[A], 2013 NY Slip Op 52165[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, plaintiff contends that the stipulation was obtained by coercion. However, in the order appealed from, the Civil Court noted that the stipulation had been entered into after a full conference between the parties and a court attorney, and that the court had so ordered the stipulation only after determining that plaintiff and defendant understood its terms and that they were freely entering into it. Furthermore, as to plaintiff's contention that he lacked the capacity to enter into the stipulation due to stress, "case law makes clear that 'a person is presumed to be competent at the time of the performance of the challenged action and the burden of proving incompetence rests with the party asserting incapacity' " (Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1284 [2007], quoting Matter of Obermeier, 150 AD2d 863, 864 [1989]; see Ng v Chalasani, 51 Misc 3d 134[A], 2016 NY Slip Op 50544[U] [App Term, 2d Dept, 2d, [*2]11th, & 13th Jud Dists 2016]). Plaintiff's mere conclusory assertions of stress are insufficient to establish that his mind was "so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction" (Sears v First Pioneer Farm Credit, ACA, 46 AD3d at 1284 [internal quotation marks omitted]; see also Lukaszuk v Lukaszuk, 304 AD2d 625, 625 [2003]; Pender v LaSalle Bus Serv., Inc., 28 Misc 3d 127[A], 2010 NY Slip Op 51175[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). 
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019